UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Trumain Davis, Petitioner, vs. Warden, F.C.I. Bennettsville, Respondent. | ) | C/A No. 8:26-cv-00533-BHH-WSB **REPORT AND RECOMMENDATION** |

This matter is before the Court on Respondent's Motion to Dismiss or, in the alternative, Motion for Summary Judgment. ECF No. 14. Petitioner, a federal prisoner proceeding *pro se*, filed this action seeking a writ of habeas corpus under 28 U.S.C. § 2241. ECF No. 1. Petitioner is in the custody of the Federal Bureau of Prisons ("BOP") and presently confined at the Bennettsville Federal Correctional Institution ("BFCI"). Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review such petitions for relief and submit findings and recommendations to the district court.

## BACKGROUND AND FACTUAL ALLEGATIONS

On December 11, 2024, a BFCI staff member wrote an incident report detailing Petitioner's violation of Prohibited Act Code 108, Possessing a Hazardous Tool. ECF No. 14-1 at 4. In the report, the staff member claimed he observed Petitioner "place something under the pillow on the bottom bunk." *Id.* The staff member immediately searched Petitioner's prison cell and discovered a cellphone. *Id.* When asked if the phone belonged to him, Petitioner responded, "yes it's mine."

*Id*. That same day, a BFCI investigating lieutenant advised Petitioner of his rights, afforded him the opportunity to make a statement, and provided him with a copy of the incident report. *Id.* at 6. Petitioner acknowledged that he understood his rights and elected not to make a statement at that time. *Id*.

On December 12, 2024, Petitioner attended an initial hearing before the Unit Discipline Committee ("UDC"), where he declined to make a statement. *Id.* at 5. The UDC referred the charge to a Disciplinary Hearing Officer ("DHO") for further processing. *Id.* Petitioner received a notice of his disciplinary hearing before the DHO and signed the notice, indicating that he did not wish to have a staff member represent him. *Id*. at 11. Petitioner also signed an "Inmate Rights at Discipline Hearing" form, which advised him of his rights at the hearing. *Id*. at 13. The DHO held a hearing on December 18, 2024, where Petitioner was advised of his due process rights, his right to remain silent, and his right to appeal the DHO's report upon receipt. *Id*. at 15. At the hearing, Petitioner did not present any evidence or request any witnesses, and no staff representative assisted him. *Id*. When given the opportunity to make a statement, Petitioner stated, "it's my phone." *Id*.

The DHO found that based on the greater weight of the evidence, Petitioner's "charge for Code 108, Possession of a Hazardous Tool (cellular phone), was appropriate and warranted." *Id*. at 16-17. In reaching the decision, the DHO considered the statement of the BFCI staff member in the incident report, a photograph depicting the cellphone, and Petitioner's statement at the hearing. *Id*. The DHO sanctioned Petitioner to the disallowance of forty-one days of good conduct time ("GCT"), twenty-one days of disciplinary segregation, and loss of commissary and phone privileges for six months. *Id*. at 17. Additionally, the DHO explained the reason for each sanction and noted that cellphones are considered hazardous tools because they can seriously threaten the

security and orderly running of the institution. *Id.* at 17-18. The DHO report was completed on January 13, 2025, and a copy was provided to Petitioner on January 24, 2025. *Id*. at 18. Petitioner subsequently filed appeals challenging the DHO's action to both the Regional Director and the General Counsel at BOP's Central Office but received no response. ECF Nos. 1 at 1; 14 at 12.

Petitioner brought this action challenging the "disciplinary action affecting the execution of his sentence." ECF No. 1 at 1. Petitioner claims he exhausted all available administrative remedies as he submitted three appeals, two of which were denied. *Id*. As to the third pending appeal, Petitioner claims the Central Office acknowledged receipt of the appeal on November 24, 2025, and issued a written extension on December 5, 2025. *Id*. Petitioner further claims that the final response deadline for the Central Office was January 23, 2026, but "no response [was] issued." *Id*.

Petitioner asserts the following specific grounds, quoted verbatim:

> **GROUND ONE:** **Due Process Violation**
> The Bureau of Prison violated Petitioner's due process rights by failing to complete final agency review within the time limits mandated by 28 C.F.R. § 542.18, leaving the DHO decision unreviewed at the final administrative level.
>
> **GROUND TWO:** **Agency Default and Prejudice**
> Central Office's failure to respond constitutes agency default. This procedural violation has prejudiced Petitioner by allowing disciplinary sanctions to remain in effect without lawful final review, impacting custody classification, program eligibility, and earned time considerations. [The] Court consistently hold[s] that when prison officials fail to timely respond, administrative remedies are exhausted and judicial review is appropriate.

*Id*. at 2-3. For his relief, Petitioner asks the Court to vacate and expunge the incident report, and restore his rights, status, and credits lost from the disciplinary action. *Id.* at 3. Petitioner further asks the Court to grant any further relief it deems just and proper. *Id*.

## APPLICABLE LAW AND ANALYSIS

**Failure to Prosecute**

On April 10, 2026, Respondent filed a Motion to Dismiss or, in the alternative, a Motion for Summary Judgment. ECF No. 14. On April 13, 2026, in an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised of the summary judgment and motion to dismiss procedures and the possible consequences for failing to respond adequately. ECF No. 15. Petitioner's response to Respondent's Motion was due by May 14, 2026. However, Petitioner failed to respond. The Court entered another Order on May 21, 2026, giving Petitioner through June 10, 2026, to file a response to Respondent's Motion. ECF No. 18 at 1. Petitioner was specifically advised that if he failed to respond, the undersigned would recommend that the district court dismiss this action for failure to prosecute. *Id.* at 1-2. Petitioner has not filed a response.

"The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (citing Fed. R. Civ. P. 41(b)). "Federal courts possess an inherent authority to dismiss cases with prejudice sua sponte." *Gantt v. Md. Div. of Corr.*, 894 F. Supp. 226, 229 (D. Md. 1995) (citing *Link v. Wabash R. Co.*, 370 U.S. 626 (1962); *White v. Raymark Indus.*, 783 F.2d 1175, 1177 (4th Cir. 1986); *Zaczek v. Fauquier Cnty.*, 764 F. Supp. 1071, 1074 (E.D. Va.1991)).

The United States Court of Appeals for the Fourth Circuit in *Davis v. Williams*, recognizing that dismissal with prejudice is a harsh sanction that should not be invoked lightly, set forth four factors for determining whether Rule 41(b) dismissal is appropriate:

(1) the degree of personal responsibility on the part of the plaintiff;

(2) the amount of prejudice to the defendant caused by the delay;

(3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and

(4) the effectiveness of sanctions less drastic than dismissal.

588 F.2d 69, 70 (4th Cir. 1978). Subsequently, however, the Fourth Circuit noted that "the four factors ... are not a rigid four-pronged test," and whether to dismiss depends on the particular circumstances of the case. *Ballard*, 882 F.2d at 95. For example, in *Ballard*, the court reasoned that "the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order is a critical fact that distinguishes this case from those cited by appellant. ... In view of the warning, the district court had little alternative to dismissal. Any other course would have placed the credibility of the court in doubt and invited abuse." *Id.* at 95–96.

Because Petitioner is proceeding *pro se*, he is personally responsible for his failure to respond. It is solely through Petitioner's neglect, and not that of an attorney, that no response has been filed. Meanwhile, Respondent is left to wonder when the action will be resolved. In this Court's *Roseboro* Order dated April 13, 2026, the Court clearly stated that if Petitioner failed to file a response, "**the court may grant the respondent's motion, which may end your case**." ECF No. 15 at 1 (emphasis in original). Further, in this Court's second Order, the Court stated, "Petitioner is advised that if he fails to respond, the undersigned will recommend that the district court dismiss the case pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute, and the dismissal will be considered an adjudication on the merits, i.e., *with prejudice*." ECF No. 18 at 1-2. Petitioner has allowed the deadlines set by the Court to pass without filing any response. Accordingly, the case should be dismissed pursuant to Rule 41(b).

**Respondent's Motion**

In the alternative, even if the Court were to reach the merits, Respondent would be entitled to summary judgment, and the Petition would be subject to dismissal. Respondent argues (1) Petitioner was afforded due process; (2) the evidence in Petitioner's disciplinary proceeding was sufficient to support the DHO's decision; and (3) Petitioner cannot establish a due process violation based on the administrative appeal. ECF No. 14 at 12-20. Respondent's Motion is supported by the Declaration of J. Carter, a Paralegal Specialist with BOP's South Carolina Consolidated Legal Center, along with various other exhibits. *See generally* ECF No. 14-1. For brevity, the Court addresses Respondent's related arguments together below.

***Standard of Review***

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment, that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).[1] As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, a court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

[1] Because Respondent presented matters outside the pleadings, which the Court is not excluding, Respondent's Motion shall be treated as one for summary judgment.

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of a plaintiff's position is insufficient to withstand a defendant's summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Id.* at 248. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*

***Liberal Construction of Pro Se Petition***

Petitioner brought this action *pro se*, which requires the Court to liberally construe his pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). The Court's duty to liberally construe a pro se litigant's complaint does not require the Court "to remove [it's] heavy robe ... and take on the role of the litigant's attorney." *Jackson v. Dameron*, 171 F. 4th 641, 652 (4th Cir. 2026). A court may not construct the petitioner's legal arguments for him*, Small v.*

*Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993), nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

***Habeas Corpus Generally***

Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the legality or duration of his custody. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). The primary means of attacking the validity of a federal conviction and sentence is through a motion pursuant to 28 U.S.C. § 2255, while a petition for habeas corpus under § 2241 is the proper method to challenge the computation or execution of a federal sentence. *See United States v. Little*, 392 F.3d 671, 678–79 (4th Cir. 2004).

A petitioner may bring a petition for a writ of habeas corpus under § 2241 if he is "attack[ing] the computation and execution of the sentence rather than the sentence itself." *United States v. Miller*, 871 F.2d 488, 490 (4th Cir. 1989). "A motion pursuant to § 2241 generally challenges the execution of a federal prisoner's sentence, such as parole matters, computation of sentence by prison officials, prison disciplinary actions, and prison transfers." *Manigault v. Lamanna*, C/A No. 8:06-cv-047-JFA-BHH, 2006 WL 1328780, at *1 (D.S.C. May 11, 2006).

***BOP Inmate Disciplinary Process***

Authority for administering the federal prison system was delegated by Congress to the BOP. *See* 18 U.S.C. § 4001 *et. seq*. The BOP's statutory duties include providing for the protection, instruction, and discipline or all persons convicted of offenses against the United States. 18 U.S.C. § 4042(a)(3). When BOP staff have a reasonable belief that an inmate has violated BOP disciplinary code, an incident report is prepared and a copy is provided to the inmate, usually within twenty-four hours of the incident. 28 C.F.R. § 541.5. The incident report contains a description of the charges against the inmate. *Id*. A staff member subsequently investigates the

incident and provides all relevant information to the UDC for an initial review. *Id.*; 28 C.F.R. § 541.7. The UDC reviews the evidence presented at the hearing and either finds the inmate did or did not commit the prohibited act as charged or refers the incident report to the DHO based on the severity of the charged act or acts. *Id.*

Upon referral of the report to the DHO, the inmate is advised of his or her rights and given an opportunity to designate a staff representative for assistance at the hearing. 28 C.F.R. § 541.8. The inmate may provide the names of witnesses and what testimony the witnesses are expected to provide, and, at the hearing, the inmate may present a statement and documentary evidence. *Id.* The DHO considers all evidence presented and determines whether the inmate committed the prohibited act and then prepares a written report of the decision after the hearing. *Id.* The DHO's report must include: (1) whether the inmate was advised of his or her rights during the DHO process; (2) the evidence the DHO relied upon in making the decision; (3) the DHO's decision; (4) the sanction imposed; and (5) the reasons for the sanction imposed. *Id.*

If the inmate wishes to appeal the DHO's decision, the appeal must first be submitted to the Regional Director where the inmate is currently located. 28 C.F.R. § 542.14. If the inmate is dissatisfied with the Regional Director's response, the inmate may appeal the DHO's decision to the General Counsel at BOP's Central Office within thirty days of the date of the Regional Director's signed response. 28 C.F.R. § 542.15. If the inmate does not receive a response from the Regional Director or the General Counsel within the allotted time frames, including extensions, "the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18.

***Procedural Due Process***

Respondent argues that Petitioner received the due process afforded to him by *Wolff v. McDonnell*, 418 U.S. 539 (1974). ECF No. 14 at 12-14. Further, Respondent argues that even if BOP violated its policy during Petitioner's administrative appeal, that failure does not constitute a due process violation. *Id.* at 19-20.

Although an inmate retains rights under the Due Process Clause, prison disciplinary proceedings are not part of a criminal prosecution and the full array of rights due to a defendant in such proceedings does not apply. *Wolff*, 418 U.S. at 556. In prison disciplinary proceedings where an inmate faces the possible loss of GCT, the inmate is entitled to: (1) written notice of the charges at least twenty-four hours before the hearing; (2) a written statement of the evidence relied on and the reasons for taking the disciplinary action; (3) a hearing where he is afforded the right to call witnesses and present documentary evidence when doing so is not inconsistent with institutional safety and correctional concerns; (4) a neutral and detached decision-maker; and (5) a written statement by the factfinders as to the evidence relied upon and the reasons for the disciplinary action. *Id*. at 559-71; *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972).

To the extent a disciplinary conviction may be administratively appealed, "a prisoner has no federal due process rights in the appeal process." *Chambers v. Wilson*, C/A No. 1:15cv646 (AJT/TCB), 2016 WL 775779, at *4 (E.D. Va. Feb. 24, 2016), *aff'd*, 669 F. App'x 129 (4th Cir. 2016); *Wolff*, 418 U.S. at 565 (declining to hold that an omission of prison appeal procedures in the challenged prison regulations violated due process). As such, "[v]iolations of BOP regulations do not equate to a violation of due process." *Williams v. Janson*, C/A No. 4:22-cv-01365-HMH-TER, 2022 WL 16823438, at *7 (D.S.C. Aug. 2, 2022) (quoting *Agramonte v. Bragg*, C/A No.

0:14-3399-MGL-PJG, 2014 WL 6908312, at *3 (D.S.C. Nov. 7, 2014), *R&R adopted by* C/A No. 0:14-3399-MGL-PJG, 2014 WL 6908892 (D.S.C. Dec. 8, 2014)).

Petitioner received written notice of the charges six days before the DHO hearing, and that written notice contained a description of the events that occurred and the cellphone that was confiscated. The documentation that Respondent provided indicated that Petitioner was advised of his rights, was permitted to have representation, and received formal notice of the hearing. Additionally, the DHO held a hearing where Petitioner was given the opportunity to call witnesses and present evidence, but Petitioner declined to do so. Following the hearing, Petitioner received a written statement describing the evidence the DHO relied upon in finding that Petitioner violated Code 108, and the statement offered specific reasons why the sanction was imposed. As such, the undersigned finds the due process requirements set forth in *Wolff* were satisfied. *See Melendez v. Masselieno*, C/A No. ELH-13-1864, 2014 WL 460848, at *7 (D. Md. Feb. 4, 2014) (finding *Wolff*'s procedural due process requirements were satisfied when the petitioner received written notice of the charges; was advised of his rights; was permitted to have representation; received formal notice of the hearing; was given the opportunity to call witnesses; was provided review by the UDC and DHO; and a written statement was issued as to the evidence relied upon and the specific reasons why the sanction was imposed).

As to Petitioner's claim that his due process rights were violated on his appeal of the DHO's decision, there is no evidence that the BOP violated its appeals policy given Petitioner was to construe the Central Office's lack of response as a denial of his claim. *See* 28 C.F.R. § 542.18 ("If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level."). Even assuming the BOP violated its administrative appeals policy, due process does not require prison officials to

provide inmates with the opportunity to appeal the DHO's findings. *See Williams*, 2022 WL 16823438, at *7 (D.S.C. Aug. 2, 2022) (stating that violations of BOP regulations do not equate to a violation of due process); *Porter v. Warden of FCI Edgefield*, C/A No. 9:20-cv-02002-DCC-MHC, 2020 WL 8271604, at *5 (D.S.C. Oct. 27, 2020) ("*Wolff* does not mandate that prison officials provide inmates an opportunity to appeal disciplinary findings."), *R&R adopted by* C/A No. 9:20-cv-02002-DCC, 2021 WL 274309 (D.S.C. Jan. 27, 2021). Therefore, there is no basis for concluding that the alleged violation of the BOP's administrative appeals policy deprived Petitioner of his due process rights. *See McCall v. Phelps*, C/A No. 6:20-2034-BHH-KFM, 2020 WL 8083664, at *4 (D.S.C. Dec. 14, 2020) ("[D]eparture from BOP policy, alone, does not give rise to a due process violation."), *R&R adopted by* C/A No. 6:20-2034-BHH, 2021 WL 75172 (D.S.C. Jan. 8, 2021).

***Substantive Due Process***

Respondent argues that the DHO's decision was supported by some evidence. ECF No. 14 at 17. The requirements of substantive due process are satisfied "if some evidence supports the decision by the prison disciplinary board to revoke good time credits." *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455 (1985). This standard is met if there is "some evidence from which the conclusion of the administrative tribunal could be deduced." *Id*. (quoting *U.S. ex rel. Vajtauer v. Comm'r of Immigr. at Port of New York*, 273 U.S. 103, 106 (1927)). The DHO's findings will only be disturbed when unsupported by any evidence, or when wholly arbitrary and capricious. *Hill*, 472 U.S. at 455-56; *Baker v. Lyles*, 904 F.2d 925, 933-34 (4th Cir. 1990) (holding there was "modicum of evidence" under *Hill* to support the classification team's recommendation that the petitioner be assigned to a new classification status).

Here, the DHO's decision was supported by the BFCI staff member's incident report, the photograph depicting the cellphone, and Petitioner's statement admitting the phone belonged to him. Because the DHO relied upon "some evidence" in concluding that Petitioner violated Code 108, Possessing a Hazardous tool, the undersigned finds there was no substantive due process violation. *See Head v. Purdue*, C/A No. 1:14CV144, 2015 WL 4429217, at *8 (N.D.W. Va. July 20, 2015) (finding there was no substantive due process violation when the DHO relied on the reporting officer's statement in the incident report, the investigating lieutenant's memorandum, and medical assessments in concluding that the petitioner violated the prison rule).[2]

## CONCLUSION AND RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that this action be **DISMISSED**, with prejudice, pursuant to Rule 41(b) for failure to prosecute. In the alternative, **IT IS RECOMMENDED** that Respondent's Motion for Summary Judgment be **GRANTED**.

**IT IS SO RECOMMENDED.**

s/William S. Brown
United States Magistrate Judge

September 22, 2026
Greenville, South Carolina

***The attention of the parties is directed to the important notice on the following page.***

[2] Respondent also argues that because Petitioner has had the opportunity to challenge the DHO's decision in this Court, Petitioner cannot demonstrate that he suffered harm or prejudice from any alleged violation of BOP policy. ECF No. 14 at 20. Because the undersigned finds that Petitioner's due process rights were not violated, there is no need to address this argument. *See Rodriguez v. Ratledge*, 715 F. App'x 261, 266-67 (4th Cir. 2017) ("[R]elief may be granted to a petitioner pursuant to § 2241 if [the] petitioner's Fifth Amendment due process rights were violated *and* the violation was prejudicial.") (emphasis added).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Suite 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).